UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

INEZ HALL,

                Plaintiff,

                                                **Hon. Hugh B. Scott**

        v.

                                                05CV408A

                                                **Order**

IN-ROOM PLUS, INC.,

                Defendant.

      This Court attempted to hold a Scheduling Conference for this action.  The Court ordered counsel to be present for this Scheduling Conference on November 8, 2005, following their extra-judicial Rule 26(f) conference (Docket No. 6).  That Order declared that "failure to comply with the Federal Rules of Civil Procedure or any other order [of] this court may result in a dismissal of this action on the merits" (Docket No. 6, Order at 2).  Prior to the November 8 Scheduling Conference, counsel did confer in a Rule 26(f) conference and agreed upon a joint Proposed Discovery Plan (Docket No. 7).

      On November 8, defense counsel appeared for the Scheduling Conference but plaintiff's counsel did not.  Plaintiff's counsel did not contact chambers indicating that he would not be available on November 8.  The conference was not held; the parties did not advise the Court of the possibility of early settlement or the status of discovery in this action.  Instead, the Court adopted (with slight modification) the parties' Proposed Discovery Plan dates as the Scheduling Order in this action.

Pursuant to Federal Rule of Civil Procedure16(f) this Court may make such orders as are just, namely to sanction a party or her attorney for failing to obey a pretrial order or failing to appear at a scheduling conference. The sanctions that this Court could impose, sua sponte, include claim preclusion, evidence preclusion, striking of pleadings and dismissal of the case, or treating the failure to obey as contempt of court, Fed. R. Civ. P. 16(f) (citing sanctions under Fed. R. Civ. P. 37(b)(2)(B)-(D)). In lieu of or in addition to these sanctions, the Court "shall require" either the party or her counsel or both "to pay reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." Since this conference was for counsel only to appear, any sanction under Rule 16(f) would have been directed exclusively to plaintiff's counsel.

Given that the parties stipulated to a discovery plan with the relevant dates that would have been set at the scheduling conference had all counsel appeared, an award of expenses would be unjust and the time and effort to consider such sanctions would lead to wasteful ancillary practice. Counsel is warned, however, that he is expected to adhere to the Federal Rules of Civil Procedure and this Court's Local Civil Rules, in particular that counsel is expected to appear at all conferences as ordered by this Court.

So Ordered.

s/HBS<br>
Hon. Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York
   November 9, 2005