UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

INEZ HALL,

      Plaintiff,

                      **Hon. Hugh B. Scott**

     v.

                         05CV408A

                          **Order**

IN-ROOM PLUS, INC.,

      Defendant.

Before the Court is defendant's motion to compel disclosure and discovery (Docket No. 15). Responses to this motion were due by April 7, 2006, any reply by movant was due by April 13, 2006 (Docket No. 17). Oral argument and a Status Conference was held on April 18, 2006 (Docket No. 20).

## BACKGROUND

Plaintiff commenced this Title VII and civil rights action on June 8, 2005 (Docket No. 1, Compl.) alleging employment discrimination based upon age, race and color. Plaintiff was 62 years old when she commenced this action (id. ¶ IV(a)(2), at 2).

Defendant answered on September 2, 2005 (Docket No. 4). Defendant then filed a Rule 26(f) Discovery Plan (signed by plaintiff's counsel) with proposed deadlines for completing disclosure and discovery (Docket No. 7). This proposed plan reflected counsels' conference pursuant to Rule 26(f). In the absence of plaintiff's counsel at a subsequent scheduling conference before this Court on November 8, 2005 (see Docket Nos. 8, 10 (Order admonishing plaintiff's counsel on failure to appear at court conferences); Docket No. 16, Def. Atty. Aff.

Ex. E (copy of Nov. 9, 2005, Order)), the Court entered a Scheduling Order similar to the terms proposed by the defendant (Docket No. 9; see Docket No. 7). The admonition order of November 9, 2005, warned plaintiff's counsel, in part, that he was "expected to adhere to the Federal Rules of Civil Procedure and this Court's Local Civil Rules" (Docket No. 10, Order at 2), warning of the sanctions available under the Federal Rules (id., citing Fed. R. Civ. P. 16(f), 37(b)(2)(B)-(D)).[1]

This action then was referred to mediation (Docket No. 11) and the parties stipulated to a mediator (Docket No. 12) and have had an initial session with the mediator (see Docket No. 13).

*The Motion to Compel*

Defendant now moves to compel plaintiff's service of her initial disclosure and respond to defendant's interrogatories and document requests (Docket No. 15). Defendant also seeks to recover its motion costs and attorneys' fees (id.). In response, plaintiff produced some of the materials sought by defendant (Docket No. 18). Counsel admits that he did not review electronic docketing of motion papers (id. Pl. Atty. Affirm. ¶ 6) and argues generally that the motion to compel should be denied (id. ¶ 3), claiming that he did not intentionally fail to comply with the pre-trial discovery Order (id. ¶ 5). He notes that counsel agreed to an initial discovery document, but plaintiff's counsel understood that defense counsel would draft the document (id. ¶ 7). Plaintiff's counsel seeks to mitigate any financial sanction due to his personal situation (id. ¶ 11).

---

[1] This is not the first time plaintiff's counsel has been sanctioned by this Court. See Brown v. Community Action Org., Case No. 03CV295S, Docket No. 49, Order of Sept. 29, 2005, at 7-8 (awarding defendants their attorneys' fees for defending a Hatch Act claim where that act does not have a private right of action, imposing the fee upon counsel and not the plaintiff).

Defendant replies that plaintiff has still failed to make her initial disclosure and her answers to defendant's interrogatories were unsworn (Docket No. 19, Def. Atty. Reply Aff. ¶ 4). Defendant notes that plaintiff's counsel does not dispute receiving defense counsel's repeated letters seeking this disclosure and discovery and the fact that plaintiff did not respond to these letters (id. ¶¶ 5-6, 11). Defendant was never made aware of plaintiff's counsel's medical and personal problems and defendant points out that plaintiff's counsel never explains how these problems prevented him from responding to repeated discovery and disclosure requests (id. ¶ 12).

During oral argument (see Docket No. 20), plaintiff's counsel explained that he was in the process of reducing his case load. He believed that he produced all the materials defendant sought, but he was not sure. He thought he made his client's initial disclosure to defendant but he may have confused that disclosure with one in another case. Plaintiff's counsel was not sure that defendant's letters were sent to plaintiff's counsel's current office address on Franklin Street in Buffalo (cf. Docket No. 16, Def. Atty. Aff. Exs. F, G, I, J (letters from defense counsel to plaintiff's counsel, addressed to Franklin Street office); also id. Exs. B, C, H (noting service of discovery materials upon plaintiff's counsel at Franklin Street office address)). Plaintiff's counsel denies acting willfully or contemptuously in not producing disclosure or discovery when demanded and argues he provided all that defendant requested and more. He expressed his willingness to have his client swear a verification to her interrogatory answers and furnish initial disclosures within the end of the week. Plaintiff, in fact, unnecessarily (see Fed. R. Civ. P. 5(d); W.D.N.Y. Loc. Civ. R. 7.1(a)(1)) filed this initial disclosure with the Court shortly after the argument, with proof of service upon defendant (Docket No. 21, filed Apr. 18, 2006). Plaintiff

has not stated that she has submitted sworn answers to defense interrogatories. Defendant has not indicated its dissatisfaction with plaintiff's belated production and disclosure.

## DISCUSSION

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d 1994). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Initial disclosure under Rule 26(a) includes producing "a copy of, or a description by category and location of, all documents . . . that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims . . . ." Fed. R. Civ. P. 26(a)(1)(B). Rule 26(f) requires the parties to first confer regarding the scope and schedule for discovery before commencing it, with the parties to produce a written report outlining the discovery plan. As plaintiff's counsel recollects (see Docket No. 18, Pl. Atty. Affirm. ¶ 7), defense counsel did in fact produce that written discovery plan report (Docket No. 7). But the initial disclosures under Rule 26(a) are to be made within fourteen days after that Rule 26(f) conference.

Plaintiff does not explain why she failed to produce that initial disclosure until after argument of this motion or any other discovery subsequently sought by defendant. Instead, plaintiff with her response produces some of the discovery sought. At oral argument, her counsel

stated that the Rule 26(a) disclosures were being typed and could be furnished by the end of this week (cf. Docket No. 21, initial disclosures filed Apr. 18, 2006). Plaintiff's counsel contends in oral argument (and not in his responding papers) that he may not have received the letters requesting responses to the outstanding discovery, but this is belied by the fact that all documents in the case are addressed to plaintiff's counsel at his current office address on Franklin Street and none use his former address. In short, plaintiff has furnished no excuse or other circumstance to excuse her failure to produce demanded discovery.

Insofar as defendant seeks a motion to compel, that relief is deemed **moot** for those materials plaintiff produced, but is **granted** where plaintiff has failed to produce, namely sworn answers to defense interrogatories, see Fed. R. Civ. P. 33(b)(1), (2). Production in the face of a pending motion to compel, however, does not avoid the consequences of that motion. See Fed. R. Civ. P. 37(a)(4)(A) (requiring sanctions of recovery of movant's motion expenses if motion is granted or "if the disclosure or requested discovery is provided after the motion was filed"). Plaintiff is ordered to provide a sworn response to defense interrogatories.

Failure to disclosure initial information required by Rule 26(a) also would bar the non-disclosing party from subsequently using this material as evidence "at a trial, at a hearing, or on a motion" unless this failure to disclose is deemed harmless. Fed. R. Civ. P. 37(c)(1). Plaintiff makes no argument that her continued failure to disclose is harmless. Therefore, plaintiff is ordered **to produce the disclosure as required by Rule 26(a) and submit sworn answers to defendant's interrogatories, all within five (5) business days of the entry of this Order**. In addition to the sanction of defendant's motion costs, under Rule 37(c)(1), the Court may "impose other appropriate sanctions," including those under Rule 37(b)(2)(A) (facts established against

disobedient party), (b)(2)(B) (refusing to allow disobedient party to support claim or defense), (C) (striking pleadings), sanctions usually reserved for disobeying an Order to compel production. But a sanction beyond motion costs here would be a severe imposition upon plaintiff, where there is nothing in the record to indicate that she prevented her counsel from complying with the disclosure called for in the local rules. Further, defendant seeks sanctions only under Rule 37(a)(4)(A) (see Docket No. 15), and not those under Rule 37(c) for non-disclosure of the initial materials. This, coupled with plaintiff's belated disclosure of the Rule 26(a) materials, plaintiff or her counsel[2] shall be sanctioned only for the costs of this motion, and nothing more severe.

>Under Rule 37(a)(4), if the motion to compel is granted, the Court

>"shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, . . ., unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the discovery or disclosure without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4) (emphasis added). Under that Rule, if defendant's motion to compel is granted, then it recovers from the plaintiff or her counsel or both movant's reasonable expenses in making the motion. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held

---

[2] See also Fed. R. Civ. P. 37(a)(4)(A) (refers to the party or counsel advising that party or both being responsible for paying the motion expenses).

excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour).

  The only bases to avoid this mandatory award of costs is if either the objection was substantially justified or that other circumstances would make the award of costs unjust, Fed. R. Civ. P. 37(a)(4)(A).  Plaintiff has not articulated either basis to avoid liability for these motion costs; essentially plaintiff's counsel argues law office failure (cf. Docket No. 18, Pl. Atty. Affirm. ¶ 6) or unspecified medical problems which plaintiff's counsel has not stated were directly related to the ability of his to respond to defendant's pending demands (cf. id. ¶ 11).  At oral argument, plaintiff's counsel at first denied not providing defendant the initial disclosure then said he was not sure whether he did or not, confusing it with disclosure in another case.  He noted his chronic illness and his family situation but nowhere indicated how that impeded him from responding to defense counsel's repeated letters requesting the discovery materials or responding to the discovery demands as well as the requirements of Rule 26(a).  These contentions do not substantially justify plaintiff's or her counsel's failure to respond or provide other circumstances to make a sanction award here unjust.  As stated above, there is nothing in the record to indicate that plaintiff (as opposed to her attorney) is at fault in not providing this disclosure and discovery; thus plaintiff's counsel is solely responsible for the costs incurred in this motion practice.

  As a result of defendant receiving some of its sought disclosure from plaintiff in the face of its pending motion to compel and being granted a motion to compel the rest, defendant is awarded its reasonable motion costs and such costs should be paid by **plaintiff's counsel only**. Defense counsel is to submit an affidavit of his client's motion costs associated herein.  Plaintiff

then will have an opportunity to respond to that submission (without further reply by defendant) and the Court will deem the application submitted and will set the reasonable amount of the costs associated with this motion.

## **CONCLUSION**

For the reasons stated above, defendant's motion to compel (Docket No. 15), is **granted in part**, as to plaintiff producing and sworn answers to interrogatories within **five (5) business days of entry of this order**, and **is otherwise deemed moot** where plaintiff has responded. Plaintiff's counsel shall pay defendant its reasonable motion expenses.

Defense counsel is to submit an affidavit of those recoverable motion expenses within **five (5) business days of entry of this Order**.  Any response from plaintiff to this fee application is due withing **ten (10) business days of entry of this Order** and no further reply will be entertained.  The Court then will deem the fee application submitted and determine defendant's reasonable motion expenses.

So Ordered.

*/s/ Hugh B. Scott*

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
          April 26, 2006