UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

INEZ HALL,

                Plaintiff,

                                                **Hon. Hugh B. Scott**

          v.

                                                  05CV408A

                                                **Order**

IN-ROOM PLUS, INC.,

                Defendant.

      This Order is a follow up to defendant's successful motion to compel disclosure and discovery (Docket No. 15, see Docket No. 22). In the Order compelling plaintiff to produce that which she had not yet produced, defendant was to be granted as a sanction its reasonable motion costs to be paid by plaintiff's counsel (Docket No. 22, Order at 7). Defendant was given five business days from entry of the Order (or by May 3, 2006) to file an affidavit of its motion costs; plaintiff's responses to this fee application were due ten business days from the entry of the Order (or by May 10, 2006), and no reply from defendant was expected (Docket No. 22, Order at 8).

      Defendant filed a timely affidavit (Docket No. 23), in which defense counsel sought a fee totaling $2,065.50 for over fifteen hours work at counsel's rate of $135 per hour (id. ¶¶ 3-5). Defendant does not seek recovery of any expenses related to this motion. Plaintiff did not file a timely response to this application.

**DISCUSSION**

Defendant contends that its attorney spent 15.3 hours in making and arguing the motion to compel (Docket No. 23, Def. Atty. Aff. ¶¶ 3-5). Defense counsel claims roughly 7 hours in preparing the moving papers, 4.8 hours reviewing plaintiff's response and preparing a reply, 1.6 hours arguing the motion, 1.7 hours preparing the fee application affidavit, and .2 hours performing other tasks (namely conferring with plaintiff's counsel and the client regarding extending the time for the response to this motion) (id. ¶ 3). The actual documents filed by defendant in support of its motion consist of the notice of motion (Docket No. 15), 29-paragraph attorney's affidavit with ten exhibits (Docket No. 16), and a 13-paragraph reply affidavit from counsel (Docket No. 19), responding to plaintiff's counsel's 11-paragraph opposing affirmation (Docket No. 18) with attached production.[1]

> Under Rule 37(a)(4), if the motion to compel is granted, the Court
>
> "<u>shall</u>, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the <u>reasonable expenses incurred in making the motion</u>, . . ., unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the discovery or disclosure without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4) (emphasis added). Under that Rule, if defendant's motion to compel is granted, then it recovers from the plaintiff or her counsel or both movant's reasonable expenses in making the motion. The Court previously held that plaintiff's counsel would be fully responsible for these expenses (Docket No. 22, at 7, 8). "If the court determines to award

---

[1] Defendant did not file legal memoranda in support of its motion.

expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour).  The rate or amount an attorney may bill his or her client for a motion to compel does not make that rate or time expended reasonable to recover as a sanction under Rule 37 as a reasonable motion expense.  See Associates Ins. Co. v. George J. Castle, Inc., Case No. 04CV174, 2005 U.S. Dist. LEXIS 40908, at *4 (W.D.N.Y. 2005) (Scott, Mag. J.), Docket No. 70, Order of Aug. 2, 2005, at 3; Johnson v. The Bon-Ton Dep't Stores, Case No. 05CV170, 2006 U.S. Dist. LEXIS 20019, at *7-8 (W.D.N.Y. 2006) (Scott, Mag. J.), Docket No. 39, Order of Apr. 17, 2006, at 5; Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

 Using the lodestar method for calculating the reasonable attorney's fee, Monahan v. SZS 33 Assocs., L.P., 154 F.R.D. 78, 83 (S.D.N.Y. 1994) (applying lodestar method to determining attorney's fee for Rule 37(a)(4)(A) relief); New York State NOW v. Cuomo, No. 93 Civ. 7146, 1996 U.S. Dist. LEXIS 17578, at *4 (S.D.N.Y. Nov. 26, 1996) (Francis, Mag. J.) (same); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee portion of these motion expenses are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney.  To be reasonable, the hourly rates of the movant's attorney must be generally consistent with prevailing market rates in this city and district, see N.Y.S. NOW, supra, 1996 U.S. Dist. LEXIS 17578, at *5.  It is within this Court's discretion to determine the

3

reasonableness of those rates based on the Court's knowledge of prevailing community rates and the relative experience of counsel, Creative Res. Group of N.J., Inc. v. Creative Res. Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002) (Wall, Mag. J.) (Report & Recommendations, citation omitted). The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 Moore's Federal Practice--Civil § 37.23[8] (2005).

 Despite plaintiff's failure to respond to this application, the Court has reviewed carefully defendant's time. The amount claimed is excessive for a relatively straight forward motion to compel (even including time to reply to plaintiff's response, review of plaintiff's belatedly submitted discovery, and argument of the motion). In this case it is not a reasonable expense to include the time expended reviewing billing records to create the affidavit for this fee application, but cf. N.Y.S. NOW, supra, at *7 (uncontested request for awarding for time to put together fee application); JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., No. 03 Civ. 5562, 2005 U.S. Dist. LEXIS 16772, at *25 (S.D.N.Y. Aug. 16, 2005) (Peck, Mag. J.) (oral decision quoted where Rule 37 fees would include time spent on fee application, as "costs on costs"), such a cost upon cost is not warranted here. Even though defense counsel expended a significant amount of time in preparing and arguing this motion, that work was not so involve that retrieving the billing records for it require compensation as a sanction by plaintiff's counsel. Similarly, it is not reasonable to include the time counsel spent contacting his client about the motion (in drafting a letter or telephoning the client); the telephone conference appears to be on the issue of scheduling plaintiff's response to the motion rather than on the substance of the motion, a decision generally within the attorney's professional discretion, see N.Y.S. Code of Prof. Resp. EC 7-7; DR 7-101(B)(1). The letter to the client appears to have reported what

occurred at oral argument. (Docket No. 23, Def. Atty. Aff. ¶ 3.) Including this time is not a reasonable motion expense. As a result, defendant reasonably is entitled to recover only for one-third of the time, or **5 hours**, expended by counsel in making this motion, or 1.7 hours each for preparing the motion papers and reviewing plaintiff's response and preparing the reply papers (or 3.4 hours total), and 1.6 hours related to the argument.

Regarding the attorney's fee rate sought by defense counsel, of $135 per hour, defense counsel has not stated his experience or expertise. Nevertheless, that rate (when compared with rates within this legal community and recent cases dealing with similar motions to compel heard by this Court) is reasonable. See Associates Ins., supra, 2005 U.S. Dist. LEXIS 40908, at *7, Order of Aug. 2, 2005, at 5 (holding attorney with 20 years' experience entitled to rate of $150 per hour); Docket No. 64, Movants' Atty. Aff. ¶ 6 (moving attorney seeking $150 per hour for services); DirecTV, Inc. v. Rowland, Case No. 04CV297, Docket No. 47, Movant's Atty. Aff. ¶ 7 (June 1, 2005, affidavit in support of attorneys' fee, claimed $145 per hour for time on motion of second-year associate at city's largest firm); DirecTV, Inc. v. Perrier, Case No. 03CV400, Docket No. 72, Movant's Atty. Aff. ¶¶ 3-4 (Feb. 15, 2005, affidavit in support of attorneys' fee, claimed $290 per hour for senior partner's time on motion and $130 for second-year associate's time at same large firm); Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *14, Docket No. 39, Order of Apr. 17, 2006, at 6-9 (holding $150 per hour rate reasonable for attorney with over ten years' experience).

As a result, at the accepted attorney's fee rate of $135 per hour, the reasonable motion costs for five hours reasonably expended is **$675**.

The only bases to avoid this mandatory award of costs is if either the objection was substantially justified or that other circumstances would make the award of costs unjust, Fed. R. Civ. P. 37(a)(4)(A).  Plaintiff did not file a response to this application and still has not articulated either basis to avoid her counsel's liability for these motion costs.  As previously stated (Docket No. 22, Order at 7), there is nothing in the record to indicate that plaintiff (as opposed to her attorney) is at fault in not providing this disclosure and discovery; thus plaintiff's counsel is solely responsible for the costs incurred in this motion practice.

## **CONCLUSION**

For the reasons stated above, defendant is awarded from plaintiff's counsel, James Davis, Esq., the amount of **$675** as the reasonable motion costs for defendant's motion to compel (Docket No. 15).

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
　　　　May 30, 2006